# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Berthinia Williams, | Case No.: 2:23-cv-00325-JAD-DJA |
| Plaintiff | |
| v. | **Order Denying Motion to Dismiss, Quashing Service, and Extending Deadline to Serve Process** |
| Bellagio Hotel & Casino, | |
| Defendant | [ECF No. 10] |

Pro se plaintiff Berthinia Williams brings this employment-discrimination action against Bellagio, LLC,[1] alleging, at minimum, racial discrimination and retaliation claims under Title VII and presumably Nevada Revised Statutes sections 613.330 and 613.340.[2]  Bellagio moves to dismiss this suit under Federal Rules of Procedure 12(b)(5) and 12(b)(6), arguing that Williams did not properly serve it and failed to state a claim upon which relief can be granted.[3]  Williams disagrees on both points.[4]  While it appears that Williams did make a concerted effort to serve Bellagio, I find that her service attempt did not meet the requirements of state or federal law. But because Williams is proceeding pro se, and because justice favors extending her deadline to serve Bellagio, I deny without prejudice Bellagio's motion to dismiss and instead quash service and give Williams until October 6, 2023, to properly serve Bellagio.[5]

---

[1] In its motion, Bellagio states that it does business as, but was erroneously named, "Bellagio Hotel & Casino" in Williams's complaint.  ECF No. 10 at 1.  The legal entity, it states, is "Bellagio, LLC."

[2] ECF No. 1-1.

[3] ECF No. 10.

[4] ECF No. 12.

[5] Because I find that Williams has not yet properly served Bellagio and am therefore quashing service, I do not reach Bellagio's alternate argument that dismissal is justified under Rule 12(b)(6) of Civil Procedure.

1

**Discussion**

2       "A federal court does not have jurisdiction over a defendant unless the defendant has

3 been served properly under Fed. R. Civ. P. 4."[6]  While the rule is flexible, "without substantial

4 compliance with Rule 4 'neither actual notice nor simply naming the defendant in the complaint

5 will provide personal jurisdiction.'"[7]  When service is challenged, the plaintiff "bear[s] the

6 burden of establishing that service was valid under Rule 4."[8]

7 **I.      Williams fails to demonstrate that she properly served Bellagio.**

8       Service on Bellagio would be proper if completed in accordance with Federal Rule of

9 Civil Procedure (FRCP) 4(h)(1)(B) or Nevada Rule of Civil Procedure  (NRCP) 4.2(c)(1)(A).[9]

10 FRCP 4(h)(1)(B) provides that a corporation, partnership, or association can be served "by

11 delivering a copy of the summons and of the complaint to an officer, a managing or general

12 agent, or any other agent authorized by appointment or by law to receive service of process."

13 NRCP 4.2(c)(1)(A) similarly allows an entity or association to be served by delivering a copy of

14 the summons and complaint to "the registered agent of the entity or association," "any member

15 of a member-managed limited-liability company," "any manager of a manager-managed limited-

16 liability company," or "any other agent authorized by appointment or by law to receive service of

17 process."  Typically, an entity like Bellagio is served through its registered agent.

18

19 [6] *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir.

20 1988) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1984)).

[7] *Id.* at 688 (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)).

21 [8] *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (citing 4A Charles A. Wright & Arthur

22 R. Miller, Federal Practice and Procedure § 1083 (3d ed. 2002 & Supp. 2003)).

[9] *See* Fed. R. Civ. P. 4(h)(1)(A) (service on a corporation, partnership, or association can be

23 performed "in the manner prescribed by Rule 4(e)(1)"); *id.* 4(e)(1) (service can be performed
"following state law for serving summons in an action brought in courts of general jurisdiction in
the state where the district court is located or where service is made").

Bellagio argues that the affidavit of service completed by the Clark County Constable's office demonstrates that the summons and complaint were delivered to a payroll technician at Bellagio, and denies that this individual was authorized to accept service.[10]  Williams does not directly dispute either contention, noting only that the summons and complaint were "served by the constable[']s office."[11]  While it does appear that Williams enlisted a sheriff in her effort to serve Bellagio and that Bellagio ultimately received actual notice of the suit, that is not enough.  Both Federal and Nevada rules specify who can accept service on behalf of a limited liability company like Bellagio, and a payroll technician is not one of them.  Williams does not attempt to explain how this particular payroll technician would be authorized by appointment or law to perform this function on Bellagio's behalf.  So Williams has not met her burden to prove that she effectuated proper service.[12]  And under both Federal and Nevada rules, the time to complete service has passed.[13]

## II.   Quashing service and extending Williams's deadline to serve Bellagio is appropriate in these circumstances.

If a plaintiff is unable to satisfy her burden of establishing that service was valid, the court has the discretion to either dismiss the action or retain it and quash service.[14]  FRCP 4(m) also "requires a district court to grant an extension of time if good cause is shown and permits

---

[10] ECF No. 10 at 7, 21.

[11] ECF No. 12 at 1.

[12] *See Brockmeyer*, 383 F.3d at 801.

[13] *See* Fed. R. Civ. P. 4(m) (90 days); Nev. R. Civ. P. 4(e)(1) (120 days).

[14] *See S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)).

the district court to grant such an extension even absent good cause."[15]  "Good cause to avoid

dismissal may be demonstrated by establishing, at a minimum, excusable neglect," and may be

supported by a further showing that "the party to be served personally received actual notice of

the lawsuit," "the defendant would suffer no prejudice," and "plaintiff would be severely

prejudiced if his complaint were dismissed."[16]  District courts also "have broad discretion to

extend time for service" and should "consider factors 'like a statute of limitations bar, prejudice

to the defendant, actual notice of a lawsuit, and eventual service.'"[17]

I exercise my discretion to extend Williams's time to serve Bellagio because the factors

advising an extension of time to complete service weigh in her favor.  Bellagio had actual notice

of this suit shortly after Williams's service attempt[18] and, given my decision to grant her an

extension and the details I provide here regarding what constitutes proper service on an entity

like Bellagio, I am optimistic that Williams will be able to serve Bellagio imminently.  Bellagio

has not demonstrated that it will suffer prejudice from a short extension of Williams's deadline

for service.  As Bellagio notes in its reply, the limitations period imposed by her right-to-sue

letter might impact her ability to refile any Title VII and Nevada statutory claims if I dismiss her

---

[15] *Mann v. American Airlines*, 324 F.3d 1088, 1090 n.2 (9th Cir. 2003) (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)).

[16] *Lemoge v. United States.*, 587 F.3d 1188, 1198 n.3 (9th Cir. 2009) (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

[17] *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th 1998)).

[18] At minimum, Bellagio had actual notice of this action when it removed it to federal court a month after the summons and complaint were delivered to the payroll technician.

complaint in its entirety.[19]  And the fact that Williams is proceeding pro se also supports an extension in these circumstances.[20]

**Conclusion**

IT IS THEREFORE ORDERED that Bellagio's motion to dismiss this action **[ECF No. 10] is DENIED.**

IT IS FURTHER ORDERED that Williams's initial attempt at service of process is **QUASHED, and that her deadline to properly serve Bellagio is extended to October 6, 2023.**

_____
U.S. District Judge Jennifer A. Dorsey
September 6, 2023

---

[19] ECF No. 13 at 14.

[20] _Balistreri v. Pacifica Police Dep't_, 901 F.2d 696, 699 (9th Cir. 1988) (courts have "a duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements").