**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Berthinia Williams, | Case No.: 2:23-cv-00325-JAD-DJA |
| Plaintiff | |
| v. | **Order Granting Motion to Dismiss and Closing Case** |
| Bellagio Hotel & Casino, | [ECF Nos. 26, 27, 31, 34, 36] |
| Defendant | |

Pro se plaintiff Berthinia Williams brings this employment-discrimination action against Bellagio, LLC,[1] alleging that she was threatened and treated poorly during the quarter she worked at the Bellagio Hotel & Casino.[2] Bellagio moves to dismiss her suit under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6), arguing that Williams has yet to properly serve it with process and, regardless, her allegations fall short of stating any plausible claim.[3] Bellagio also moves to strike a filing that it contends is an improper amended complaint.[4] Williams argues that she has stated a claim, but she doesn't substantively address Bellagio's service arguments or respond to its motion to strike.[5] I find that Williams's latest service attempt once again didn't meet the requirements of state or federal rules. And because Williams has twice failed to properly serve Bellagio, and she has given the court no reason to believe that she will be successful in future attempts, I grant Bellagio's motion to dismiss and close this case.

---

[1] Bellagio notes that it does business as, and was erroneously sued as, "Bellagio Hotel & Casino." ECF No. 27 at 1. The legal entity, it states, is "Bellagio, LLC." The proper name of the defendant makes no difference for the purposes of this order.

[2] ECF No. 1-1.

[3] ECF No. 27.

[4] ECF No. 26.

[5] ECF No. 28.

**Discussion**

"A federal court does not have jurisdiction over a defendant unless the defendant has been served properly under Fed. R. Civ. P. 4."[6]  While the rule is flexible, "without substantial compliance with Rule 4 'neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction.'"[7]  When service is challenged, the plaintiff "bear[s] the burden of establishing that service was valid under Rule 4."[8]

**I.      Williams fails to demonstrate that she properly served Bellagio.**

Last September, I found that Williams's initial attempt at service was improper, quashed service, and extended her deadline to serve Bellagio.[9]  A constable with the Clark County Constable's office had delivered the summons and complaint to a payroll technician at Bellagio, but payroll technicians are not persons authorized to accept service under federal or Nevada rules, so that service attempt was ineffective.[10]  Bellagio now moves to dismiss Williams's complaint on service grounds once again.[11]  While it appears Williams was ultimately able to get some documents to Bellagio's registered agent on this second attempt, Bellagio contends that this attempt at service fell short, too, because Williams (1) served Bellagio by mail, (2) acted as her own process server, and (3) delivered the summons with a "rogue document" instead of the

---

[6] *Direct Mail Specialists, Inc. v. Eclat Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988) (citing *Jackson v. Hayakawa*, 682 F.2d 1344, 1347 (9th Cir. 1984)).

[7] *Id.* (quoting *Benny v. Pipes*, 799 F.2d 489, 492 (9th Cir. 1986)).

[8] *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004) (citing 4A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1083 (3d ed. 2002 & Supp. 2003)).

[9] ECF No. 23.

[10] Fed. R. Civ. P. 4(h)(1)(B); Nev. R. Civ. P. 4.2(c)(1)(A).

[11] ECF No. 27.

operative complaint.[12]  Williams doesn't directly dispute any of these contentions in her response

to Bellagio's motion to dismiss, noting only that she "requested documents was stamped dated

by the Courts on the dates set forth by the Courts and was accepted by the Courts."[13]

> **A.    In-person delivery of the summons and operative complaint is necessary to legally effectuate service of process and bring the defendant within the jurisdiction of the court.**

Federal Rule of Civil Procedure 4(h)(1)(B) authorizes a corporation, partnership, or

association to be served "by delivering a copy of the summons and of the complaint to an officer,

a managing or general agent, or any other agent authorized by appointment or by law to receive

service of process."  Nevada Civil Rule 4.2(c)(1)(A) similarly allows an entity or association to

be served by delivering a copy of the summons and complaint to "the registered agent of the

entity or association" or "any other agent authorized by appointment or by law to receive service

of process," among others.  But service of process by mail—certified or otherwise—is

ineffective under both federal and Nevada law.[14]  And a party cannot act as her own process

server.[15]

---

[12] *Id.* at 2–3.

[13] ECF No. 28 at 1.

[14] *Campbell v. Gasper*, 2012 F.R.D. 139, 161 (D. Nev. 1984) ("Service by mail, even if actually effected, does not constitute personal service."); *see also* Fed. R. Civ. P. 4(c)(2); Nev. R. Civ. P. 4(c)(2)–(3).

[15] Fed. R. Civ. P. 4(c)(2) ("Any person who is at least 18 years old and not a party may serve a summons and complaint."); Nev. R. Civ. P. 4(c)(3) ("The summons and complaint may be served by the sheriff, or a deputy sheriff, of the county where the defendant is found or by any person who is at least 18 years old and not a party to the action.").

1

       **B.**       **Williams mailed the summons to Bellagio with a version of the**

2                    **complaint that is not the operative one.**

3         Williams attempted to serve Bellagio by certified mail.[16]  Plus she didn't enlist a third

4 party to do so—she printed and signed her name as the "server" on the proof of service she

5 submitted.[17]  Williams also doesn't contest Bellagio's statement that what she sent with the

6 summons was the document docketed as an amended complaint at ECF No. 24 (filed the same

7 day as her proof of service).  That filing consists of a single paragraph that rehashes some of

8 Williams's original allegations.[18]  But the court didn't grant her leave to file an amended

9 complaint, Bellagio didn't consent to her amending her complaint, and she wasn't allowed to do

10 so as a matter of course.[19]  What she sent Bellagio along with the summons, therefore, wasn't the

11 operative complaint in this matter.  So Williams's attempt at service failed for three separate

12 reasons.  The net result is that 16 months after this case was commenced and 13 months after it

13 was removed to federal court, it still hasn't been properly served.

14

15

16

17

18

---

19 [16] ECF No. 25 at 2–3.

20 [17] *Id.* at 2.

[18] ECF No. 24.

21

[19] Fed. R. Civ. P. 15(a)(1)–(2).  "A party may amend its pleading once as a matter of course no
22 later than (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading
is required, 21 days after service of a responsive pleading or 21 days after service of a motion
under Rule 12(b), (e), or (f), whichever is earlier." *Id.* at 15(a)(1).  Otherwise, "a party may
23 amend its pleading only with the opposing party's written consent or the court's leave." *Id.* at
15(a)(2).

**II.     The Court declines to grant Williams another attempt to effectuate service because it would be futile.**

If a plaintiff is unable to satisfy her burden of establishing that service was valid, the court has the discretion to either dismiss the action or retain it and quash service.[20]  FRCP 4(m) also "requires a district court to grant an extension of time if good cause is shown and permits the district court to grant such an extension even absent good cause."[21]  "Good cause to avoid dismissal may be demonstrated by establishing, at a minimum, excusable neglect" and may be supported by a further showing that "the party to be served personally received actual notice of the lawsuit," "the defendant would suffer no prejudice," and "plaintiff would be severely prejudiced if his complaint were dismissed."[22]  District courts also "have broad discretion to extend time for service" and should "consider factors 'like a statute of limitations bar, prejudice to the defendant, actual notice of a lawsuit, and eventual service.'"[23]

While I previously exercised my discretion to extend Williams's time to serve Bellagio, I decline to do so again.  Bellagio did have actual notice of this suit shortly after Williams's first service attempt,[24] and the limitations period imposed by her right-to-sue letter might impact her ability to refile any Title VII and Nevada statutory claims.  But I am no longer optimistic that

---

[20] *See S.J. v. Issaquah Sch. Dist. No. 411*, 470 F.3d 1288, 1293 (9th Cir. 2006) (citing *Stevens v. Sec. Pac. Nat'l Bank*, 538 F.2d 1387, 1389 (9th Cir. 1976)).

[21] *Mann v. American Airlines*, 324 F.3d 1088, 1090 n.2 (9th Cir. 2003) (citing *Henderson v. United States*, 517 U.S. 654, 662 (1996)).

[22] *Lemoge v. United States.*, 587 F.3d 1188, 1198 n.3 (9th Cir. 2009) (quoting *Boudette v. Barnette*, 923 F.2d 754, 756 (9th Cir. 1991)).

[23] *Efaw v. Williams*, 473 F.3d 1038, 1041 (9th Cir. 2007) (quoting *Troxell v. Fedders of N. Am., Inc.*, 160 F.3d 381, 383 (7th Cir. 1998)).

[24] At minimum, Bellagio had actual notice of this action when it removed it to federal court a month after the summons and complaint were delivered to the payroll technician.  ECF No. 1.

Williams will be able to properly serve Bellagio.  Williams wasn't able to perfect service even though my order quashing her last service attempt and extending the service deadline discussed and referenced the laws applicable to serving an entity like Bellagio.  Indeed, this most recent attempt was even more deficient than the first.  By not addressing or acknowledging these deficiencies in her response to Bellagio's motion, Williams necessarily hasn't explained why there is good cause for these multiple shortfalls or how they were the product of excusable neglect.  Also, further delays would prejudice Bellagio at this point.  It has had to file multiple motions to dismiss and strike on various grounds and engage in other responsive motion work, and this case has been pending for almost a year and a half and still hasn't gotten off the ground.  In short, the factors advising an extension of time don't weigh in Williams's favor this time around.

I am sympathetic to Williams's pro se status and cognizant of the courts' "duty to ensure that pro se litigants do not lose their right to a hearing on the merits of their claim due to ignorance of technical procedural requirements."[25]  But pro se plaintiffs are still "bound by the rules of procedure."[26]  I already granted Williams an extension to effectuate service, and this only resulted in more deficiencies and an unauthorized amended complaint being docketed.  Also, Williams's failure to address or acknowledge the deficiencies of her latest service attempt indicates that it is unlikely that any future attempt would be successful.  So I decline to exercise my discretion to retain this action and extend Williams's service deadline again, and instead dismiss it without prejudice.

---

[25] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[26] *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (citing *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987)).

**Conclusion**

IT IS THEREFORE ORDERED that Bellagio, LLC's motion to dismiss this action **[ECF No. 27] is GRANTED.**  This case is **DISMISSED without prejudice** under FRCP 4(m).

IT IS FURTHER ORDERED that Bellagio's motion to strike **[ECF No. 26] is DENIED AS MOOT.**

IT IS FURTHER ORDERED that Williams's motion requesting a hearing **[ECF No. 31],** motion for a pretrial conference **[ECF No. 34]**, and motion requesting mediation resolution **[ECF No. 36] are DENIED AS MOOT.**

**The Clerk of Court is directed to CLOSE THIS CASE.**

_____
U.S. District Judge Jennifer A. Dorsey
April 1, 2024